U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

RINKY DINK, INC. d/b/a PET STOP, a
Washington corporation, individually and on
behalf of a class of Washington businesses
similarly situated,

NO.

                      Plaintiffs,

**COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF**

      vs.

ELECTRONIC MERCHANT SYSTEMS INC.
d/b/a ACCEPT CREDIT CARD SERVICES, a
Delaware corporation,

                   Defendant.

       Plaintiff Rinky Dink, Inc. d/b/a Pet Stop (hereinafter referred to as "Plaintiff"), by its

undersigned counsel, individually and as a class representative for a Washington State Class of

similarly situated businesses, brings this action against Defendant Electronic Merchant Systems

Inc. d/b/a Accept Credit Card Services and its present, former or future direct and indirect

parent companies, subsidiaries, affiliates, agents, divisions and/or others acting on its behalf

(hereinafter referred to as "Defendant" or "EMS") for violations of RCW 80.36.400 and RCW

19.86 *et seq.* as alleged herein:

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF - 1

# I.  JURISDICTION AND VENUE

1.1     <u>Subject Matter Jurisdiction</u>.  This Court has original jurisdiction over these claims under the provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). While it is anticipated that neither Plaintiff's nor any individual class member's claim exceeds $75,000, the aggregate amount in controversy for the Class exceeds $5 million exclusive of interest and costs, and Plaintiff is a citizen of a different state from Defendant.

1.2     <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant does business in Washington, and because many of the wrongful acts alleged in this Complaint were committed in Washington State.

1.3     <u>Venue</u>.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions given rise to Plaintiff's claims occurred in this District.

# II.  PARTIES

2.1     Plaintiff Pet Stop is a pet supply store in Bellingham, Washington, incorporated in Washington State as Rinky Dink Inc. and doing business as Pet Stop.  Plaintiff receives telephone calls on its business telephone, including that which is the subject of this Complaint, which was intended to be received and was received on Plaintiff's business telephone in Bellingham, Whatcom County, Washington.

2.2     Defendant Electronic Merchant Systems Inc. d/b/a Accept Credit Card Services, is a Delaware corporation with its principal place of business in Alexandria, Virginia and does business throughout the United States, including in Washington State.

# III.  THE WASHINGTON AUTOMATIC DIALING AND ANNOUNCING DEVICE STATUTE, RCW 80.36.400

3.1     In 1986, the Washington State Legislature enacted the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400 ("WADAD").  As defined by the statute, "[a]n automatic dialing and announcing device is a device which automatically dials

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF - 2

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    telephone numbers and plays a recorded message once a connection is made."  *See* RCW

2    80.36.400(1)(a).

3          3.2      The WADAD makes it unlawful for any person to use an automatic dialing and

4    announcing device "for purposes of commercial solicitation" and "applies to all commercial

5    solicitation intended to be received by telephone consumers within the state" of Washington.

6    *See* RCW 80.36.400(2).

7          3.3      A violation of the WADAD is a violation of the Washington Consumer

8    Protection Act, RCW 19.86 *et seq.* ("WCPA").  *See* RCW 80.36.400(3).

9                                  **IV.  FACTS**

10        4.1      Defendant is in the business of offering credit card and debit card processing for

11    merchant accounts.  On the website www.elect-mer.com, apparently a marketing website for

12    Defendant's products and services, it states that "Accept Credit Cards at Electronic Merchant

13    Systems offers some of the lowest rates in the country" and that the company is "[o]ne of the

14    nation's largest credit card processing companies" that "has been trusted for over 22 years by

15    thousands of clients nationwide to handle credit card transactions."

16        4.2      As part of its business, Defendant identifies merchants who want to enter into

17    merchant service agreements with banks for the processing and management of the merchant's

18    retail credit card transactions.  Upon information and belief, pursuant to Defendant's

19    agreement(s) with banks to solicit merchants, Defendant receives compensation.

20        4.3      On May 22, 2012, Plaintiff received a call to Plaintiff's business telephone

21    which was answered by Plaintiff's principal, Alan Gardner.  The business telephone is a

22    landline and Plaintiff was in Bellingham, Washington, the location of his business, when he

23    received the call.  Upon information and belief, the call was initiated by or on behalf of

24    Defendant.  The call consisted of a pre-recorded message which stated words to the effect that

25    the call was from "Kim" with Accept Credit Cards and that the called party should press a

26    number for further information and a different number to be removed from the calling list.

27

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF - 3

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    Alan Gardner pressed the number for more information and was connected with a person

2    identifying himself as "Victor," who asked Mr. Gardner questions concerning the nature of

3    Plaintiff's business and whether Plaintiff accepts credit cards.  "Victor" then transferred the call

4    to a person identifying herself as "Theresa" who asked Mr. Gardner similar and more detailed

5    questions, and quoted him some credit card processing rates and other particulars of the deal

6    they could make.  Mr. Gardner asked "Theresa" if there was a telephone number he could use

7    to contact her company or a website he could use to check them out.  "Theresa" provided the

8    telephone number 800-901-7500, which number is displayed prominently on Defendant's

9    website, www.elect-mer.com, as the number to call to "apply now."  "Theresa" also asked Mr.

10   Gardner for his email address which he provided to her.  The last question "Theresa" asked Mr.

11   Gardner was "how did you hear about us?"  Mr. Gardner replied "The phone rang and I

12   answered it."  "Theresa" then stated "Oh, a robo call."

13          4.4    Following their telephone conversation, "Theresa" sent Mr. Gardner an email

14   stating:

> Dear Allen,
> Thank you for allowing me to introduce you to our payment card
> processing service.  Accept Credit Cards at Electronic Merchant Systems has
> been helping businesses just like yours accept credit cards since 1988.  We offer
> the lowest rates, state-of-the art equipment and exceptional USA based customer
> service.
> This amazing promotion will provide your business with a **free** terminal
> to use as long as you maintain an account with us.
> The following fees would apply to Visa, MasterCard and Discover:
> Application:  $35
> Swiped Offline Debit Cards: 0.68% (no pin pad needed)
> Swiped Credit Card Rate:  1.68%
> Transaction Fee: 29 cents
> Monthly Service Fee: $8
> With Accept Credit Cards and our Free Terminal, your initial investment
> is only $35, and you will begin saving on credit card processing with our low
> rates and no annual fees.
> To get started simply click on the apply now button above and fill out the pre-
> application form or call us on our toll free number below.  We look forward to
> working with your organization and providing the best service at the lowest rates
> for years to come.
> Thanks,

15

16

17

18

19

20

21

22

23

24

25

26

27

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF - 4

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Theresa Darroch
Phone 1.800.901.7500 ext
Fax 703.379.7913
Accept Credit Cards at Electronic Merchant Systems, Inc.
3612 Forest Drive, Alexandria, Virginia, 22302
www.elect-mer.com

4.5.     The call made to Plaintiff's business telephone consisted of a pre-recorded message delivered by an ADAD.  The pre-recorded message made to Plaintiff's business telephone, by or on behalf of Defendant, was made for the purpose of commercial solicitation, urging Plaintiff to purchase credit card processing services.  Plaintiff did not consent, expressly or impliedly, to the receipt of the phone call.

4.6.     Upon information and belief, Defendant, and/or others acting on its behalf, has made similar pre-recorded calls to the business telephone numbers of other Washington businesses and intend to continue to do so.

4.7.     Defendant's use of ADADs for purposes of commercial solicitation violates the privacy of Plaintiff and Class members.

### V.  FIRST CLAIM FOR RELIEF
### (Violations of RCW 80.36.400)

For Plaintiff's first claim against Defendant, Plaintiff alleges:

5.1.     Reallegation:  Plaintiff realleges and incorporates by reference the preceding paragraphs.

5.2.     Violation:  Defendant and/or its agents, affiliates and/or others acting on behalf has continually and repeatedly violated RCW 80.36.400(2) by using ADADs to leave recorded messages for the purpose of encouraging Plaintiff and the Class to purchase Defendant's products and/or services.

5.3     Damages:  As a result of Defendant's and/or its affiliates, agents and/or others acting on Defendant's behalf's violations of RCW 80.36.400(2), Plaintiff and the Class are entitled to an award of $500 in statutory damages for each and every call in violation of the statute, pursuant to RCW 80.36.400(3).

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF - 5

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

2

## VI.  SECOND CLAIM FOR RELIEF
### (Violation of Washington Consumer Protection Act, RCW 19.86 *et seq.*)

For Plaintiff's second claim against Defendant, Plaintiff alleges:

3

4

6.1.    Reallegation:  Plaintiff realleges and incorporates by reference the preceding paragraphs.

5

6

7

8

9

6.2.    Violation:  Pursuant to RCW 80.36.400(3), which provides that a violation of RCW 80.36.400 is a violation of RCW 19.86 *et seq.*, the WCPA, Defendant and/or its agents, affiliates and/or others acting on Defendant's behalf have continually and repeatedly violated the CPA by using ADADs to leave recorded messages for the purpose of encouraging Plaintiff and the Class to purchase Defendant's products and/or services.

10

11

12

13

14

15

6.3    Damages:  As a result of Defendant's and/or its affiliates, agents and/or others acting on Defendant's behalf's violations of RCW 80.36.400(2), Plaintiff and the Class have sustained damages, including $500 in statutory damages for each and every call in violation of the WADAD.  The full amount of damages will be proven at trial.  Plaintiff and Class members are entitled to recover actual damages and treble damages, together with reasonable attorneys' fees and costs, pursuant to RCW 19.86.090.

16

17

18

6.4    Under the WCPA, Plaintiff and members of the Class are also entitled to, and do seek, injunctive relief prohibiting Defendant and /or its affiliates, agents and/or others acting on Defendant's behalf from violating the WCPA in the future.

19

## VII.  CLASS ACTION ALLEGATIONS

20

7.1.    Plaintiff realleges the foregoing paragraphs as if fully stated herein.

21

22

7.2.    This class action is brought and may be maintained pursuant to Federal Rule of Civil Procedure 23.  Plaintiff seeks to represent a Class defined as follows:

23

24

25

26

> All Washington businesses who received one or more telephone calls made by Defendant and/or made on Defendant's behalf using an automatic dialing and announcing device, when such a call included a pre-recorded message containing a commercial solicitation and was transmitted to a telephone number with a

27

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

2

3

4

5

Washington State area code at any time for the period that begins four years from the date of this Complaint to trial.

Excluded from the Class are Defendant, any entities in which Defendant has a controlling interest or that have a controlling interest in Defendant, and Defendant's legal representatives, assignees and successors.  Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family and staff.

6

7

8

9

7.3.    **Numerosity**.  The Class is so numerous that joinder of all members is impracticable.  Upon information and belief the Class has more than 100 members.  Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

10

11

7.4.    **Commonality**.  There are numerous questions of law and fact common to Plaintiff and Class members.  These common questions of law and fact include:

12

13

14

a.    Whether Defendant and/or its agents, affiliates and/or others acting on Defendant's behalf used an automatic dialing and announcing device, as defined by RCW 80.36.400(1)(a), for purposes of commercial solicitation;

15

16

b.    Whether Defendant and/or its agents, affiliates and/or others acting on Defendant's behalf violated RCW 80.36.400;

17

18

c.    Whether Defendant and/or its agents, affiliates and/or others acting on Defendant's behalf violated RCW 19.86 *et seq.*;

19

20

21

d.    Whether Defendant is liable for prerecorded calls marketing Defendant's products and/or services when such calls were made by Defendant's agents, affiliates and/or others acting on Defendant's behalf; and

22

23

24

e.    Whether Defendant and/or its agents, affiliates and/or others acting on Defendant's behalf should be enjoined from violating RCW 80.36.400 and/or RCW 19.86 *et seq.* in the future.

25

26

7.5.    **Typicality**.  Plaintiff's claims are typical of the Class in that they arise from Defendant's common course of conduct and are based on the same legal and remedial theories.

27

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF - 7

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

7.6.    **Adequacy**.  Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff has retained competent and experienced counsel who have significant experience in complex and class action litigation, including consumer class actions and WADAD class actions.  Plaintiff and its counsel are committed to prosecuting this action vigorously on behalf of the Class.  Neither Plaintiff nor its counsel have interests that are contrary to are antagonistic to the members of the Class.

7.7.    **Predominance**.  Defendant has engaged in a common course of conduct toward Plaintiff and members of the Class.  The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.

7.8    **Superiority**.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Defendant to comply with the WADAD.  The interest of individual members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the WADAD are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

7.9    **Injunctive and Declaratory Relief Is Appropriate**.  Defendant has acted on grounds generally applicable to Plaintiff and the Class as alleged herein, thereby making final injunctive relief and corresponding declaratory relief appropriate on a classwide basis.  Moreover, on information and belief, Plaintiff alleges that the automated calls made by Defendant and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## VIII.  PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, on behalf of itself and the Class of similarly situated individuals and entities, respectfully requests that the Court enter judgment in its favor and in favor of the Class as follows:

A.     Certification of the Class pursuant to Federal Rule of Civil Procedure 23;

B.     Appoint Plaintiff as representative of the Class;

C.     Appoint the undersigned counsel as counsel for the Class;

D.     Grant declaratory, equitable, and/or injunctive relief as permitted by law to ensure that Defendant and/or its affiliates, agents and/or others acting on Defendant's behalf will not continue to engage in the unlawful conduct set forth herein;

E.     Award Plaintiff and the Class statutory, compensatory and exemplary damages as are permitted by law;

F.     Judgment against Defendant for attorney's fees and costs as permitted by law and/or equity;

G.     Permit Plaintiff and the Class leave to amend the Complaint to conform to the evidence presented at trial; and

Any other or further relief which the Court deems fair and equitable.

RESPECTFULLY SUBMITTED AND DATED this 30th day of July, 2013.

TERRELL MARSHALL DAUDT & WILLIE PLLC

By:   /s/ Beth E. Terrell, WSBA #26759
Beth E. Terrell, WSBA #26759
Email:  bterrell@tmdwlaw.com
Kimberlee L. Gunning, WSBA #35366
Email:  kgunning@tmdwlaw.com
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
Telephone:  (206) 816-6603
Facsimile:  (206) 350-3528

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF - 9

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

Rob Williamson, WSBA #11387
Email:  roblin@williamslaw.com
Kim Williams, WSBA #9077
Email:  kim@williamslaw.com
WILLIAMSON & WILLIAMS
2339 West Viewmont Way West
Seattle, Washington 98199
Telephone: (206) 466-6230
Facsimile:  (206) 535-7899

2

3

4

5

6

*Attorneys for Plaintiff and the Proposed Class*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF - 10

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com