THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RINKY DINK INC., <br><br> Plaintiff, <br><br> v. <br><br> ELECTRONIC MERCHANT SYSTEMS INC., <br><br> Defendant. | CASE NO. C13-1347-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiff's motion to amend complaint (Dkt. No. 41). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I. BACKGROUND

Plaintiff filed its class-action complaint on July 31, 2013. (Dkt. No. 1.) The complaint alleged that Defendant Electronic Merchant Systems, Inc. ("EMS") called Plaintiff in violation of the Washington Automatic Dialing and Announcing Device statute and the Washington Consumer Protection Act. (*Id.*) Plaintiff now seeks to amend its complaint to add two defendants and an additional named Plaintiff as a proposed representative of a class of persons with claims under the Telephone Consumer Protection Act ("TCPA"). (Dkt. No. 41.)

II. DISCUSSION

### A. Standard

The Federal Rules of Civil Procedure advise that leave to amend shall be freely given when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). This policy should be "applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2011). This Court considers four factors in granting leave to amend: "bad faith, undue delay, prejudice to the opposing party, and/or futility." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Id.*

### B. Additional Defendants

Plaintiff has recently learned that a vendor, CallFire, Inc., assisted Defendant in placing the calls. (Dkt. No. 42 at 2.) Plaintiff has also learned that Defendant's founder and current President, Jeffrey Gehrs, was personally involved in the campaigns at issue in this litigation. (*Id.* at 3.) Defendant cursorily argues that adding these defendants "will also undoubtedly delay the litigation," but includes no substantive argument against their inclusion. (Dkt. No. 47 at 5.) Nor does this Court see any reason why Plaintiff should not be allowed to amend the complaint to include these defendants. Both new defendants have already been participating in the litigation. (Dkt. No. 49 at 2.) There is no suggestion of undue delay or bad faith, any litigation delay would appear to be minimal, and there is no suggestion of futility. The Court therefore allows Plaintiff to amend the complaint to add these new defendants.

### C. Additional Plaintiff

Plaintiff also seeks to add an additional named Plaintiff, Frank Knott, who received calls from Defendant on his cellular telephone. (Dkt. No. 41 at 4.) He is a proposed representative of a class of persons illegally robocalled on their cellular telephones in violation of the TCPA. (*Id.*) The original complaint included no claims under the TCPA. This amendment would thus add a new class and would expand the suit from one including only Washington businesses to one that would encompass calls received on a cellular phone by anyone in the United States.

There is no suggestion of undue delay or bad faith, but Defendant argues both that these amendments are futile and that it will be prejudiced by them. First, Defendant suggests that the proposed complaint does not meet pleading standards. Plaintiff has offered to change the wording to which Defendant objects to the following: "Defendants' calling data shows that they are responsible for making the above-described call." (Dkt. No. 48 at 1.) The Court agrees this will address any potential problem and directs Plaintiff to edit the amended complaint accordingly.

Defendant also objects that the amendment would be futile because the TCPA requires that a plaintiff have been charged for the call. (Dkt. No. 47 at 4.) This Court, however, has already rejected such an interpretation of the statute. *See Agne v. Papa John's Intern., Inc.*, 286 F.R.D. 559, 570–71 (W.D. Wash. 2012) (following "the careful statutory analysis" of other courts and citing cases). The Court therefore concludes that the proposed amendment will not be futile.

Defendant also objects that it will be unduly prejudiced by any delay in the litigation. The Court recognizes that delay is undesirable. Even so, given the liberal standards governing motions to amend and the absence of any undue delay, bad faith, or futility, the Court concludes that the delay alone is insufficient to defeat amendment. To ensure no prejudice from the addition of this class and the expanded scope of the relevant calls, the class-certification briefing schedule will be delayed 60 days.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to file an amended complaint (Dkt. No. 41) is GRANTED. Plaintiff is directed to file an Amended Complaint that incorporates the edits noted above. The briefing schedule is amended as follows: Plaintiff's class-certification motion is due September 11, 2014, and will be noted for October 24, 2014. Defendant's response is due October 10, 2014, and Plaintiff's reply is due October 24, 2014.

//

1  DATED this 1st day of June 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 4