THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8   RINKY DINK, INC. d/b/a PET STOP, a
Washington corporation; and FRANK KNOTT,
9   a Washington resident, individually and on
behalf of all others similarly situated,
10
                                    Plaintiffs,
11
                    vs.
12
13   ELECTRONIC MERCHANT SYSTEMS,
INC. d/b/a ACCEPT CREDIT CARD
14   SERVICES, a Delaware corporation; JEFFREY
GEHRS, a Virginia resident; and CALLFIRE,
15   INC., a California corporation,
16
                                    Defendants.
17

NO. 2:13-cv-01347-JCC

**PLAINTIFFS' MOTION FOR
AMENDMENT OF ORDER AND
FED. R. CIV. P. 54(b)
CERTIFICATION**

**Note on Motion Calendar:  3/20/15**

18

19

20                          **I.  RELIEF REQUESTED**

21         Plaintiffs Rinky Dink, Inc. and Frank Knott respectfully request that this Court amend

22   its Order Sealing Documents and Granting Defendant CallFire's Motion for Summary

23   Judgment (Dkt. No. 113) dated February 24, 2015, to include specific findings that Fed. R. Civ.

24   P. 54(b) certification is appropriate, there is no just reason for delay, and directing that the

25   Order Sealing Documents and Granting Defendant CallFire's Motion for Summary Judgment

26   shall be deemed a final judgment with respect to CallFire, Inc. ("CallFire").

27

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## II.  STATEMENT OF FACTS

This Court entered an Order Sealing Documents and Granting Defendant CallFire's Motion for Summary Judgment ("Order") on February 24, 2015 (Dkt. No. 113).  The Order grants summary judgment to Defendant CallFire, thereby terminating all claims against CallFire.  It does not make any Fed. R. Civ. P. 54(b) findings and does not direct entry of judgment against the Plaintiffs.  Plaintiffs' claims against Defendants Electronic Merchant Systems ("EMS") and Jeffrey Gehrs ("Gehrs") remain for trial.

Fed. R. Civ. P. 54(b) provides that a court may direct entry of final judgment as to fewer than all the parties where there is no just reason to delay appeal.  Fed. R. Civ. P. 54(b). This standard is met in this case.  There is no just reason for delay because there is no possibility that continuing litigation will yield any facts or legal conclusions relevant to the issues for appeal:  (1) whether CallFire "made" or "initiated" calls under the meaning of the TCPA; and (2) whether CallFire's common carrier status extinguishes any liability under the TCPA absent a high degree of involvement.  Immediate appeal will also expedite the future handling of the remaining unadjudicated claims, and will avoid any possibility of duplicative trials or appeals.  Accordingly, Fed. R. Civ. P. 54(b) certification is proper.

## III.  STATEMENT OF THE ISSUE

Whether this Court should direct that certification is appropriate, there is no just reason for delay, and the Order Sealing Documents and Granting Defendant CallFire's Motion for Summary Judgment shall be deemed a final judgment.

## IV.  EVIDENCE RELIED UPON

Plaintiffs rely upon the documents and pleadings on file in this case and the legal authority cited herein.

## V.  AUTHORITY

Federal Rule of Civil Procedure 54(b) provides that final entry of judgment should be made on individual claims in suits that involve multiple claims provided that there is no just

1  reason for delay.  Fed. R. Civ. P. 54(b); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465

2  F.3d 946, 954 (9th Cir. 2006).  This involves a two part inquiry.  First, the court must determine

3  that it is dealing with a final judgment.  *Curtiss-Wright Corp. v. General Elect. Co.*, 446 U.S. 1,

4  7 (1980).  The claim that is the subject of the Rule 54(b) motion "must be a 'judgment' in the

5  sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense

6  that it is 'an ultimate disposition of an individual claim entered in the court of a multiple claims

7  action'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956); *see also DZ*

8  *Bank AG Deutsche Zentral Genossenschaftbank v. Choice Cash Advance, LLC*, No. 11-

9  1312JLR, 2013 WL 784543, at *2 (W. D. Wash. Mar. 1, 2013) (finding that "there is no

10  question" that an order granting plaintiff's motion for summary judgment against one defendant

11  was a final judgment where it disposed of plaintiff's only claim against that particular

12  defendant).

13      Here, the Court has dismissed Plaintiffs' claims against CallFire in their entirety by

14  granting CallFire's motion for summary judgment.  *See* Dkt. No. 113.  Adopting the court's

15  reasoning in *DZ Bank*, there is no question that the Court's entry of summary judgment was a

16  final judgment with respect to CallFire for the purposes of Rule 54(b) certification.

17      The second question is whether there is any just reason for delay.  *Curtiss-Wright*, 446

18  U.S. at 7.  The trial court is vested with the discretion to determine the appropriate time when

19  an issue in a multiple claims action is ready for appeal.  *Id.* at 8.  Paramount to this

20  determination is "the interest of sound judicial administration."  *Id.*  The Ninth Circuit

21  embraces a "pragmatic approach focusing on severability and efficient judicial administration."

22  *Wood v. GCC Bend, LLC*, 422 F.3d 873, 880 (9th Cir. 2005).   Rule 54(b) certification should

23  be granted if doing so will streamline the ensuing litigation.  *Noel v. Hall*, 568 F.3d 743, 747

24  (9th Cir. 2009).

25      Under this prong, courts consider (1) whether the claims under review are separable

26  from the remaining claims and (2) whether the nature of the claims already decided is such that

27

PLAINTIFFS' MOTION FOR AMENDMENT OF ORDER
AND FED. R. CIV. P. 54(B) CERTIFICATION - 3
CASE NO. 2:13-cv-01347-JCC

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

the appellate court will not be faced with deciding the same issue multiple times.  *Curtiss-Wright*, 446 U.S. at 7–10.  Where the court grants summary judgment dismissing a plaintiff's claim against one defendant, the issue is separable from the plaintiff's claims against the remaining defendant.  *See, e.g., DZ Bank*, 2013 WL 784543 at *3 (finding plaintiff's claim for breach of a loan agreement against one defendant could be separated from plaintiff's claims against another defendant for breach of their personal guaranties).  Even claims that are not separate and independent from the remaining claims may be certified under Rule 54(b) as long as "resolving the claims would streamline the ensuing litigation." *Noel*, 568 F.3d at 747.

Moreover, whether some facts underlying the Rule 54(b) claim and the remaining claims may overlap does not preclude entry of a Rule 54(b) final judgment.  *See Purdy Mobile Homes, Inc. v. Champion Home Builders Co.*, 594 F.2d 1313, 1316 (9th Cir. 1979) (finding the argument that "some facts are common to all of [plaintiff's] 'theories of recovery'" insufficient to overturn entry of Rule 54(b) final judgment).

Here, there is no just reason for delay because Plaintiff's claims against CallFire are separable and distinct from the remaining litigation against EMS and Jeffrey Gehrs.  Therefore, there is no possibility that continuing litigation will yield any facts or legal conclusions relevant to the issues for appeal: (1) whether CallFire "made" or "initiated" calls under the meaning of the TCPA; and (2) whether CallFire's common carrier status extinguishes any liability under the TCPA absent a high degree of involvement.  Immediate appeal will also expedite the future handling of the remaining unadjudicated claims, and will avoid any possibility of duplicative trials or appeals.

## VI.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Amendment of Order and CR 54(b) Certification.  A proposed amended order is attached hereto.

PLAINTIFFS' MOTION FOR AMENDMENT OF ORDER
AND FED. R. CIV. P. 54(B) CERTIFICATION - 4
CASE NO. 2:13-cv-01347-JCC

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

RESPECTFULLY SUBMITTED AND DATED this 3rd day of March, 2015.

2

TERRELL MARSHALL DAUDT & WILLIE PLLC

3

4

By:  /s/ Beth E. Terrell, WSBA #26759
Beth E. Terrell, WSBA #26759

5

Email:  bterrell@tmdwlaw.com
Adrienne D. McEntee, WSBA #34061

6

Email:  amcentee@tmdwlaw.com
936 North 34th Street, Suite 300

7

Seattle, Washington  98103-8869

8

Telephone:  (206) 816-6603
Facsimile:  (206) 350-3528

9

10

Rob Williamson, WSBA #11387
Email:  roblin@williamslaw.com

11

Kim Williams, WSBA #9077
Email:  kim@williamslaw.com

12

WILLIAMSON & WILLIAMS
936 North 34th Street, Suite 300

13

Seattle, Washington  98103-8869

14

Telephone: (206) 466-6230
Facsimile:  (206) 535-7899

15

16

*Attorneys for Plaintiffs and the Proposed Classes*

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' MOTION FOR AMENDMENT OF ORDER
AND FED. R. CIV. P. 54(B) CERTIFICATION - 5
CASE NO. 2:13-cv-01347-JCC

CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on March 3, 2015, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following:

Michael K. Vaska, WSBA #15438
Email:  vaskm@foster.com
Benjamin S. Halasz, WSBA No. 38437
Email:  halab@foster.com
FOSTER PEPPER PLLC
1111 Third Avenue, Suite 3400
Seattle, Washington  98101-3299
Telephone:  (206) 447-4400
Facsimile:  (206) 447-9700

William F. Krebs, *Admitted Pro Hac Vice*
Email:  wkrebs@beankinney.com
Rachelle E. Hill, *Admitted Pro Hac Vice*
Email:  rhill@beankinney.com
BEAN, KINNEY & KORMAN, P.C.
2300 Wilson Boulevard, Suite 700
Arlington, Virginia  22201
Telephone:  (703) 525-4000
Facsimile:  (703) 525-2207

*Attorneys for Defendants Electronic Merchant Systems and Jeffrey Gehrs*

Duncan C. Turner, WSBA # 20597
Email: duncanturner@badgleymullins.com
BADGLEY MULLINS TURNER, PLLC
19929 Ballinger Way NE, Suite 200
Shoreline, Washington  98155
Telephone: (206) 621-6566
Facsimile: (206) 621-9686

PLAINTIFFS' MOTION FOR AMENDMENT OF ORDER
AND FED. R. CIV. P. 54(B) CERTIFICATION - 6
CASE NO. 2:13-CV-01347-JCC

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   Michael B. Hazzard, *Admitted Pro Hac Vice*
    Email:  Michael.hazzard@arentfox.com
2   Adam D. Bowser, *Admitted Pro Hac Vice*
    Email:  adam.bowser@arentfox.com
3   ARENT FOX LLP
    1717 K Street, NW
4   Washington, DC 20006-5344
    Telephone:  (202) 857-6126
5   Facsimile:  (202) 857-6395

6
    *Attorneys for Defendant CallFire, Inc.*
7
    DATED this 3rd day of March, 2015.
8
9                              TERRELL MARSHALL DAUDT & WILLIE PLLC

10                             By:    /s/ Beth E. Terrell, WSBA #26759
                                      Beth E. Terrell, WSBA #26759
11                                    Email: bterrell@tmdwlaw.com
                                      936 North 34th Street, Suite 300
12                                    Seattle, Washington  98103
                                      Telephone:  (206) 816-6603
13                                    Facsimile:  (206) 350-3528

14
                                      *Attorney for Plaintiffs and Proposed Classes*
15
16
17
18
19
20
21
22
23
24
25
26
27

PLAINTIFFS' MOTION FOR AMENDMENT OF ORDER
AND FED. R. CIV. P. 54(B) CERTIFICATION - 7
CASE NO. 2:13-cv-01347-JCC