UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RINKY DINK INC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ELECTRONIC MERCHANT SYSTEMS INC., *et al.*,<br><br>Defendants. | CASE NO. C13-1347 JCC<br><br>ORDER CERTIFYING PROVISIONAL SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, AND PROVIDING FOR NOTICE TO THE SETTLEMENT CLASS |

Plaintiff moved for preliminary certification of a class and preliminary approval of a class action settlement. (Dkt. No. 136.) Specifically, Plaintiffs request: (1) preliminary certification of a settlement class; (2) preliminary approval of a class action settlement and approval of a proposed notice plan; (3) appointment of Terrell Marshall Law Group PLLC and Williamson & Williams as Class Counsel; (4) appointment of Rinky Dink and Frank Knott as class representatives; (5) appointment of Heffler Claims Group as claims administrator; and (6) scheduling of a final fairness hearing. (Dkt. No. 136 at 28.)

Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion. The Court preliminarily certifies the class, preliminarily approves the settlement, and directs notice be given to class

ORDER CERTIFYING PROVISIONAL
SETTLEMENT CLASS, PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT,
AND PROVIDING FOR NOTICE TO THE
SETTLEMENT CLASS
PAGE - 1

members so that a final fairness hearing can be held and a determination made as to whether to approve the proposed settlement and how much to award class counsel for fees and costs. Additionally, the Court appoints Terrell Marshall Law Group PLLC and Williamson & Williams as class counsel, and Rinky Dink, Inc. and Frank Knott as class representatives. However, as discussed in greater detail below, to receive final approval, the parties must come forward with additional information sufficient to confirm our supposition that the proposed settlement is fair, adequate, and free from collusion.

## I. BACKGROUND

Plaintiffs Rinky Dink, Inc. and Frank Knott bring this proposed class action suit against Defendants Electronic Merchant Systems ("EMS") and Jeffrey Gehrs for alleged telemarketing. (Dkt. No. 51 at 1.) Plaintiffs sue on their own behalf and as class representatives for others similarly situated. (*Id.*) Rinky Dink, a pet supply store, states that it received a pre-recorded telemarketing call made by or on behalf of Defendants. (*Id.* at 8.) Knott states that on an unspecified date in 2012, he received a similar pre-recorded telemarketing call made by or on behalf of Defendants on his cell phone. (*Id.* at 10.) Both Plaintiffs allege that, by using an automatic dialing and announcing device, Defendants violated the Washington Automatic Dialing and Announcing Device Statute, RCW 80.36.400. Plaintiff Knott alleges that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A), by calling his cell phone. (*Id.* at 12.)

## II. THE SETTLEMENT AND CLASS CERTIFICATION APPROVAL PROCESS

The Settlement approval procedures take place over three stages. First, the parties present a proposed settlement asking the Court to provide "preliminary approval" for both (a) the settlement class and (b) the settlement terms. *See, e.g., Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (discussing the District Court's use of a preliminary approval order). Second, if the court does preliminarily approve the settlement and class, (i) notice is sent to the class describing the terms of the proposed settlement, (ii) class members are given an

ORDER CERTIFYING PROVISIONAL
SETTLEMENT CLASS, PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT,
AND PROVIDING FOR NOTICE TO THE
SETTLEMENT CLASS
PAGE - 2

opportunity to object or opt out, and (iii) the court holds a fairness hearing at which class members may appear and support or object to the settlement. *Id*. Third, taking account of all of the information learned during the aforementioned processes, the court decides whether or not to give final approval to the settlement and class certification. *Id*.

## III. CLASS CERTIFICATION

### A. Standard: Rule 23

In the settlement context, courts must pay "undiluted, even heightened, attention" to class certification requirements, *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997), and conduct a "rigorous analysis." *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2551 (2011). There is a two-step process for certification. First, under Rule 23(a), the party seeking certification must satisfy numerosity, commonality, typicality, and adequacy. Second, the proposed class must satisfy at least one of the three requirements listed in Rule 23(b). *Dukes,* 131 S. Ct. at 2548 (2011). Here, Plaintiffs rely on Rule 23(b)(3), which requires predominance of common questions and that the class method be superior to other methods.

### B. The Proposed Class in the Instant Case

Plaintiffs allege violations of the Telephone Consumer Protection Act ("TCPA") and the Washington Automatic Dialing and Announcing Device Statute ("WADAD").

In relevant part, the TCPA provides: "[i]t shall be unlawful for any person within the United States . . . to make any call (other than a call . . . made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(iii). Under the TCPA, parties generally receive $500 in damages for negligent violations and $1,500 for willful violations. 47 U.S.C. § 227(b)(3).

In relevant part, WADAD provides that it is unlawful for any person to use an Automatic Dialing and Announcing Device, which plays a pre-recorded message, "for purposes of

ORDER CERTIFYING PROVISIONAL
SETTLEMENT CLASS, PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT,
AND PROVIDING FOR NOTICE TO THE
SETTLEMENT CLASS
PAGE - 3

commercial solicitation" where the call is "intended to be received by telephone consumers" within Washington. RCW 80.36.400(2). Where there is a violation, damages are presumed to be $500. RCW 80.36.400(3).

Rinky Dink alleges that the EMS call it received violated WADAD and seeks to represent a class of Washington businesses who suffered similar violations of WADAD by EMS. (Dkt. No. 136 at 8.) Knott alleges that the EMS call he received violated the TCPA and he seeks to represent a nationwide class of persons who suffered similar violations of the TCPA by EMS. (Dkt. No. 136 at 8.) Although Knott's and Rinky Dink's claims could establish distinct classes, the proposed settlement amalgamates the two into one proposed class.[1] (*Id.*) According to Plaintiffs' analysis of the call records provided by Defendants, utilizing this definition results in approximately 180, 958 potential class members. (Dkt. No. 136 at 9.) In deciding whether this proposed class qualifies for certification, the Court addresses whether Plaintiff satisfies the requirements of 23(a) and 23(b)(3).

---

[1] In full, the proposed settlement sets forth the following class definition:

> (i) all persons, on or after July 31, 2009 through the date of Preliminary Approval, to whom Defendants or any entity acting on their behalf, placed a non-emergency telephone call to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice, and (ii) all Washington businesses with a Washington state area code to which, on or after July 31, 2009 through the date of Preliminary Approval, Defendants or any entity acting on their behalf, placed a telephone call through use of automatic dialing and announcing device and prerecorded message containing a commercial solicitation. Excluded from the Settlement Class are the Judge to whom the action is assigned and any member of the Judge's staff and immediate family, as well as all persons who validly request exclusion from the settlement class.

(Dkt. No. 138 at 19.)

ORDER CERTIFYING PROVISIONAL
SETTLEMENT CLASS, PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT,
AND PROVIDING FOR NOTICE TO THE
SETTLEMENT CLASS
PAGE - 4

## C. Numerosity Is Satisfied

The numerosity prerequisite is satisfied if "the class is so large that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). A number of persuasive authorities have held that joinder is impracticable when the proposed class is greater than forty members. *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995); *Celano v. Marriott Int'l, Inc.,* 242 F.R.D. 544, 549 (N.D. Cal. 2007).

Here, joinder is impracticable as call records indicate there are approximately 180,958 settlement class members. (Dkt. No. 146 at 10.)

## D. Commonality is Satisfied

"Even a single [common] question" capable of generating "common answers" apt to drive resolution of the litigation will satisfy Rule 23(a)(2). *Dukes,* 131 S. Ct. at 2551. Here, because Plaintiffs set forth the specific allegation that all class members were sent prerecorded messages by the same Defendant, using the same automatic dialing technology, commonality is satisfied.

## E. Typicality is Satisfied

Under Rule 23(a)(3)'s "permissive standard," representative claims satisfy typicality if they are reasonably co-extensive . . .." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1020 (9th Cir. 1998). Assuming the class representative will not be preoccupied by unique defenses that are a major focus of litigation, "[t]he test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992).

Here, the named Plaintiffs' claims are typical of the class. The Court finds no danger of unique defenses, the robocalls received by Knott and Rinky Dink are not unique, and they and the other members of the proposed class have allegedly been injured by EMS's use of automated

ORDER CERTIFYING PROVISIONAL
SETTLEMENT CLASS, PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT,
AND PROVIDING FOR NOTICE TO THE
SETTLEMENT CLASS
PAGE - 5

calls without the class members' consent. As such, the typicality requirement of Rule 23(a)(3) is satisfied.

**F. Adequacy Is Satisfied**

To determine whether class interests will adequately be protected as required by Rule 23(a)(4), courts must resolve two questions: "(a) do the named plaintiffs and their counsel have any conflicts of interest with other class members; and (b) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970 (9th Cir. 2011) (internal quotation omitted).

Here, the Court finds no reason Plaintiffs' counsel would be incapable of adequately representing the class as counsel has significant class action experience (Dkt. No. 138 at 2–10) and has vigorously prosecuted the case this far. (*See, e.g.,* Dkt. No. 51; Dkt. No 53.) Separately, Plaintiffs are adequate class representatives because their claims are similar to the rest of the class and a $5,000 incentive payment, standing alone, does not create a conflict of interest sufficient to run afoul of Rule 23(a)(4). *See In re Online DVD-Rental Antitrust Litig.,* 779 F.3d 934, 942 (9th Cir. 2015) (rejecting the argument that a $5,000 incentive award created a conflict of interest in light of estimated $12 award for rest of class).

**G. Predominance of Common Questions Prong is Satisfied**

Under the first prong of 23(b)(3), "[w]hen common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022. Here, common questions present a significant aspect of the case. The central questions of whether EMS placed autodialed and prerecorded calls to cellular telephones and business telephones without express consent can be established with common proof.

ORDER CERTIFYING PROVISIONAL
SETTLEMENT CLASS, PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT,
AND PROVIDING FOR NOTICE TO THE
SETTLEMENT CLASS
PAGE - 6

**H. Superior Methods Prong is Satisfied**

Under the second prong of 23(b)(3), a class action must be superior to other methods of adjudicating the controversy which requires us to determine "whether the objectives of the particular class action procedure will be achieved in the particular case." *Hanlon,* 150 F.3d at 1023. Here, resolution of thousands of claims in one action is superior to individual lawsuits with small damages amounts.

**I. Conclusion Regarding Class Certification**

As the requirements of Rule 23(a) and 23(b)(3) have been satisfied, this Court GRANTS Plaintiffs' Motion to the extent it requests preliminary certification of the class for settlement purposes.

**IV. SETTLEMENT APPROVAL**

**A. Standard of Review**

Settlements "that takes place prior to formal class certification," such as in this case, "require[] a higher standard of fairness" and a "more probing inquiry." *See Hanlon*, 150 F.3d at 1026. This is because "settlements in class actions present unique due process concerns for absent class members, including the risk that class counsel may collude with the defendants." *In re Online DVD,* 779 F.3d at 944 (internal quotations omitted). Overall, the Court must peruse the relevant documents and conduct a searching inquiry "to determine whether [the proposed settlement] is fair, adequate and free from collusion." *Hanlon,* 150 F.3d at 1027.

In determining whether a settlement that took place prior to certification is fair, adequate, and free from collusion, courts must "comprehensively" consider a number of factors including: (1) a defendant's ability to pay a larger settlement; (2) the strength of the plaintiff's case; (3) the extent of discovery completed and the stage of the proceedings; (4) the risk, expense, complexity, and likely duration of further litigation; (5) the amount offered in settlement; (6) the experience and views of counsel; (7) the reaction of the class members to the proposed

ORDER CERTIFYING PROVISIONAL
SETTLEMENT CLASS, PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT,
AND PROVIDING FOR NOTICE TO THE
SETTLEMENT CLASS
PAGE - 7

settlement; (8) the presence of a governmental participant; (9) whether the attorney fees request is indicative of collusion; and (10) whether distribution favors certain class members at the expense of others. *See In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 946–47 (9th Cir. 2011); *see also Staton v. Boeing Co.,* 327 F.3d 938, 974 (9th Cir. 2003); *see also In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 458 (9th Cir. 2000) ("The district court must show that it has explored these factors comprehensively to survive appellate review.").

Some of the aforementioned factors cannot be properly examined until after the fairness hearing. As such, at this preliminary approval stage, the Court conducts a less searching inquiry of each factor and only requires that the proposed settlement be within the range of final approval. *See Alberto v. GMRI, Inc.,* 252 F.R.D. 652, 665 (E.D. Cal. 2008) (discussing that at the preliminary stage courts merely conduct a "cursory" analysis of fairness, seeking merely to identify any "glaring deficiencies" prior to sending notice to class members).

**B. Discussion of Factors Relating to Adequacy, Fairness, and Freedom from Collusion**

**1. Defendants' Ability to Pay a Larger Settlement**

Although Defendants' potential exposure under the negligence standard can easily exceed $90,000,000, the Settlement Agreement requires EMS to pay $1,250,000. (Dkt. No. 138 at 21.) Plaintiffs argue that this amount is reasonable because, in part, being "fully informed" of EMS's financial realities, it is "highly uncertain" whether EMS could pay a judgment beyond $1,250,000 and a large settlement would "likely" go unpaid by Defendants. (Dkt. No. 136 at 15 and 18; Dkt. No. 138 at 11.) Plaintiffs do not indicate what information led them to this conclusion.

Because Plaintiffs assert that it is unlikely Defendants would be able to pay a large settlement and there is a lower level of inquiry at this stage, this factor weighs in favor of preliminary approval. However, in their Final Approval Brief, the parties must present concrete

ORDER CERTIFYING PROVISIONAL
SETTLEMENT CLASS, PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT,
AND PROVIDING FOR NOTICE TO THE
SETTLEMENT CLASS
PAGE - 8

facts in support of the assertion that they were "fully informed" and could thereby reasonably conclude that it was doubtful whether Defendants would be able to pay a higher judgment.

### 2. Strength of Plaintiffs' Case

Plaintiffs assert that the "primary risk" facing the class was that they could lose on the merits based on Defendants' theory that EMS had consent to place the calls. (Dkt. No. 136 at 18.) In support of this assertion Plaintiffs emphasize that Defendants maintained a database with numerous fields indicating potential claimants had consented to receiving calls. (*Id.*) However, in response to Defendants' position Plaintiffs argue that the information in these fields do not indicate consent. (*Id*.) Additionally, Plaintiffs note that the named Plaintiffs did not provide consent. (*Id*.)

Given Counsel's recommendation that settlement is wise in light of the risk of losing on the merits, this factor weighs in favor of preliminary approval. *See In re Omnivision Techs., Inc.,* 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("The recommendations of plaintiffs' counsel should be given a presumption of reasonableness."). However, because Plaintiffs' Motion only sets forth a brief summary of three facts relating to the consent element, the Parties must discuss, with greater factual specificity, their assessment of the risks of losing on the merits in their Final Approval Brief.

### 3. The Extent of Discovery and the Stage of the Proceedings

A key inquiry is whether the parties had enough information to make an informed decision about the strength of their cases and the wisdom of settlement. *See In re Mego,* 213 F.3d at 458. The presence of substantial formal discovery is an indicator that the parties were informed regarding the wisdom of settlement and engaged in arms-length bargaining. *Id*. Here, because the parties conducted two mediation sessions, retained an expert, deposed four witnesses, and assert that the parties completed "extensive" discovery (Dkt. No. 138 at 2 and 10-11) this factor weighs in favor of preliminary approval.

ORDER CERTIFYING PROVISIONAL
SETTLEMENT CLASS, PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT,
AND PROVIDING FOR NOTICE TO THE
SETTLEMENT CLASS
PAGE - 9

However, Plaintiffs' conclusory statement that "extensive" discovery was conducted is not factually supported in Plaintiffs' briefing other than the mere indication that gigabytes of data were disclosed. (Dkt. No. 138 at 11.) As such, in their Final Approval Brief, the Parties must put forth specific facts sufficient to enable this court to assess whether extensive discovery was in fact conducted. The Final Approval Brief should also discuss completed and outstanding discovery related to the strength of Plaintiffs' case (particularly the consent element) and Defendants' ability to pay a larger settlement.

### 4. The Risk, Expense, Complexity, and Likely Duration of Further Litigation

Because additional depositions, expert work, and motion work would have to be completed before trial (Dkt. No. 136 at 19) and litigation is inherently expensive, this factor weighs in favor of preliminary approval.

### 5. The Amount Offered in Settlement

Although $1,250,000 may seem small compared to the potential maximum recovery, that is not a sufficient reason, standing alone, to reject the proposed Settlement. *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 628 (9th Cir. 1982) (holding "a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement . . . unfair"). Here, Plaintiffs have propose to accept a smaller certain award rather than seek the full recovery but risk getting nothing or proceeding through litigation and having Defendants unable to pay the judgment. Accordingly, this factor weighs in favor of preliminary approval.

### 6. The Experience and Views of Counsel

Plaintiffs' Counsel has substantial experience prosecuting class actions relating to consumer rights, including TCPA actions. (Dkt. No. 138 at 2-10.) Counsel on both sides believe that this is a fair and reasonable settlement in light of the uncertainties of litigation. Accordingly, this factor weighs in favor of preliminary approval.

ORDER CERTIFYING PROVISIONAL
SETTLEMENT CLASS, PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT,
AND PROVIDING FOR NOTICE TO THE
SETTLEMENT CLASS
PAGE - 10

### 7. The Presence of a Governmental Participant

The Settlement requires that Defendants comply with CAFA notice requirements. (Dkt. No. 138 at 23.) Because the appropriate state and federal regulators will be notified of this settlement, this factor weighs in favor of preliminary approval.

### 8. Attorney Fees

The Settlement Agreement provides that Plaintiff will move the Court for an award of attorney fees not to exceed 25% of the settlement fund.[2] (Dkt. No. 138 at 24.) Counsel does not request a specific percentage at this time but rather indicates that "prior to final approval" they will "file a separate motion for an award of attorneys' fees and costs, addressing in greater detail the facts and law supporting their fee request in light of all the relevant facts." (Dkt. No. 136 at 21.) Court approval of the request is not a condition of settlement. (Dkt. No. 138 at 24.)

Because collusion between plaintiffs' counsel and defendants is a particular risk when settlements are negotiated absent prior certification, attorney fee requests must be subjected to meticulous examination in cases such as the one at bar. *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d at 946–47. 25% of the settlement fund is the benchmark award in common fund cases but the selection of the actual fee must take into account the entire circumstances of the case. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). What percentage courts award depends on factors such as hours worked on the case, the risk involved in litigation, the complexity of the issues, the results obtained by counsel, and counsel's hourly rate. *See Six (6) Mexican Workers v. Arizona Citrus Growers,* 904 F.2d 1301, 1311 (9th Cir. 1990); *See also In re Washington Pub. Power Supply Sys. Sec. Litig.,* 19 F.3d 1291, 1298

---

[2] Counsel also indicates they will move for reimbursement of out-of-pocket costs amounting to $38,959. (Dkt. No. 136 at 21.) This Court will only approve proper out-of-pocket costs if the specific costs are sufficiently established in a subsequent motion. *See In re Businessland Sec. Litig.,* No. C90-20476-RFP, 1991 WL 427887, at *2 (N.D. Cal. 1991) (citing to a number of courts that found out-of-pocket expenses are awarded separately from attorney fees).

ORDER CERTIFYING PROVISIONAL
SETTLEMENT CLASS, PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT,
AND PROVIDING FOR NOTICE TO THE
SETTLEMENT CLASS
PAGE - 11

(9th Cir. 1994).

Here, because the eventual request is to be no higher than the 25% benchmark, it is within the range of final approval and thereby this factor weighs in favor of preliminary approval. However, in their Fee Motion, Plaintiffs must submit their specific percentage request and attach documentation enabling this court to evaluate whether such a request is appropriate under the circumstances or instead indicative of collusion.[3]

### 9. Distribution to Claimants

The class members are paid a pro rata amount for their approved claims. (Dkt. No. 138 at 23.) The funds from any unclaimed checks are distributed to charities rather than returning to Defendants. (*Id.* at 24.) Accordingly, the distribution scheme set forth in the Settlement Agreement weighs in favor of preliminary approval.

### 10. Conclusion Regarding Factors

Overall, because each of the factors weighs in favor of preliminary approval, the Court must grant the motion for preliminary approval of the class action settlement if the notice program proposed by Plaintiffs conforms to legal requirements.

## C. Notice Program

Plaintiffs request that the Court approve their proposed notice and claims program. (Dkt. No. 136 at 12.) Rule 23(c)(2) prescribes the "best notice practicable under the circumstances." Notice is satisfactory if it "alert[s] those with adverse viewpoints to investigate and to come forward and be heard." *In re Online DVD,* 779 F.3d at 946. Additionally, the Class Notice must satisfy the content requirements of Rule 23(c)(2)(B), which provides that the notice must clearly and concisely state in plain, easily understood language:

---

[3] For example, rather than making conclusory statements such as that Counsel "spent a considerable amount of time" working on the case, (Dkt. No. 136 at 15), Counsel should come forward with concrete facts.

ORDER CERTIFYING PROVISIONAL
SETTLEMENT CLASS, PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT,
AND PROVIDING FOR NOTICE TO THE
SETTLEMENT CLASS
PAGE - 12

(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Here, Plaintiffs hired a third-party firm with substantial experience in the field to design and implement the notice plan. (Dkt. No. 137 at 2.) The proposed notice satisfies all of the criteria as it provides: (1) information on the meaning and nature of the Class; (2) the basic terms and provisions of the proposed settlement; (3) the costs and fees to be paid out of the Settlement Fund; (4) clear procedures and deadlines for submitting claim forms, objections, and/or requests for exclusion; and (5) the date, time and place of the fairness hearing. (Dkt. No. 138 at 42 and 52–57.) As such, the Court concludes that the notice is the best possible under the circumstances and "alerts those with adverse viewpoints to investigate and to come forward and be heard." *In re Online DVD,* 779 F.3d at 946.

### D. Conclusion Regarding Preliminary Settlement Approval and Notice

Because each factor going to fairness, adequacy, and freedom from collusion weighs in favor of preliminary approval and the notice program meets the legal standards, the Court hereby GRANTS the motion to the extent it requests preliminary approval of the class action settlement and approval of the notice plan. In their Final Approval Brief the Parties must provide additional information on the strength of Plaintiffs' case, Defendants' ability to pay a larger settlement, and relatedly, the extent of discovery completed. In their Fee Motion, Plaintiffs' Counsel must indicate what amount they are requesting and attach documentation enabling this court to evaluate whether such a request is appropriate under the circumstances or is instead indicative of collusion. Overall, to receive final approval the parties must come forward with information sufficient to confirm our supposition that the proposed settlement proposal is fair, adequate, and free from collusion.

ORDER CERTIFYING PROVISIONAL
SETTLEMENT CLASS, PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT,
AND PROVIDING FOR NOTICE TO THE
SETTLEMENT CLASS
PAGE - 13

## V. APPOINTMENT OF CLASS COUNSEL, CLASS REPRESENTATIVE, AND CLAIM ADMINISTRATOR

The choice of counsel has traditionally been left to the parties, "whether they sue in their individual capacities or as class representatives." *In re Cavanaugh*, 306 F.3d 726, 734 (9th Cir. 2002) (internal quotations omitted). Here, Plaintiffs' Counsel has general experience prosecuting class actions relating to privacy and consumer rights, including TCPA actions. (Dkt. No. 138 at 2–10.) The Court is satisfied that Plaintiff's counsel has adequately represented the class and will continue to do so. Accordingly, the Court GRANTS the motion to the extent it seeks appointment of the law firms of Terrell Marshall Law Group PLLC and Williamson & Williams as class counsel.

Regarding the motion to appoint Heffler Claims Group LLC as claims administrator, the Motion is GRANTED due to Heffler's third party status and extensive experience in administrating claims. (Dkt. No. 137 at 2.)

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for (1) preliminary certification of the settlement class; (2) preliminary approval of the class action settlement and approval of the proposed notice plan; (3) appointment of Terrell Marshall Law Group PLLC and Williamson & Williams as class counsel; (4) appointment of Rinky Dink and Frank Knott as class representatives; (5) appointment of Heffler Claims Group as claims administrator; and (6) scheduling of a final fairness hearing. (Dkt. No. 136) is GRANTED.

Therefore, it is hereby ORDERED that:

Preliminary Approval of Proposed Settlement. The Agreement (Dkt. No. 138 at 15–37) is preliminarily approved within the range of being fair, adequate, and free from collusion as required for preliminary settlement approval. The Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a fairness hearing on the approval of the Settlement. A Final Approval Brief

ORDER CERTIFYING PROVISIONAL
SETTLEMENT CLASS, PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT,
AND PROVIDING FOR NOTICE TO THE
SETTLEMENT CLASS
PAGE - 14

and Fee Request must be submitted containing additional information consistent with the requirements already set forth in this Order.

Class Certification For Settlement Purposes Only. Pursuant to Federal Rule of Civil Procedure 23(c), the Court preliminarily approves, for settlement purposes only, the following Settlement Class:

> (i) all persons to whom, on or after July 31, 2009 through the date of Preliminary Approval, Defendants or any entity acting on its behalf, placed a non-emergency telephone call to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice; and (ii) all Washington businesses with a Washington state area code to which, on or after July 31, 2009 through the date of Preliminary Approval, Defendants or any entity acting on its behalf, placed a telephone call through use of automatic dialing and announcing device and prerecorded message containing a commercial solicitation. Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who validly request exclusion from the Settlement Class.

In connection with this conditional certification, the Court makes the following preliminary findings for settlement purposes only:

Class Representatives. Rinky Dink and Knott are designated as class representatives for the Settlement Class.

Class Counsel. The Court appoints Terrell Marshall Law Group PLLC and Williamson and Williams as counsel for the Settlement Class.

Fairness Hearing. A Fairness Hearing shall be held before the Honorable John C. Coughenour on Tuesday, April 19, 2016 at 9:00 a.m. as set forth in the notice to the Settlement Class, to determine whether the Agreement is fair, reasonable and adequate and should be approved. The Final Approval Brief, papers in support of final approval of the Agreement, the incentive awards to Plaintiffs, and Class

ORDER CERTIFYING PROVISIONAL
SETTLEMENT CLASS, PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT,
AND PROVIDING FOR NOTICE TO THE
SETTLEMENT CLASS
PAGE - 15

Counsel's application for an award of attorneys' fees, costs and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth below. If the Settlement Hearing is postponed, adjourned, or continued by order of the Court, the Parties shall notify the Settlement Class by posting the change on the Settlement Website. After the Settlement Hearing, the Court may enter a settlement order and final judgment in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims being settled.

Class Notice. Class Notice, in form that is substantially the same as set forth in the relevant exhibit (Dkt. No. 138 at 42 and 52–57), shall be sent within thirty (30) days following entry of this Order.

A. Mail Notice. The Claims Administrator will provide mail notice to persons in the Settlement Class for whom Defendants possess a mailing address. Mail Notice will be sent via direct mail to the most recent mailing address as reflected in reasonably available computerized account records of Defendants. Skip tracing shall be performed by the Claims Administrator for all returned mail; all costs of skip tracing will be considered Settlement Costs and deducted from the Fund.

B. Settlement Website. The Claims Administrator will establish and maintain a website using a domain name dedicated to the Settlement on which will be posted the Amended Class Action Complaint, Mail Notice, Claim Form, and other settlement-related documents. The Mail Notice shall direct recipients to the location of the Settlement Website. The website shall also provide for online submission of Claim Forms. The Settlement web page will be established no later than the Notice Deadline and shall remain active at least until the date of the Final Approval Hearing and through the end of the Claim Period.

ORDER CERTIFYING PROVISIONAL
SETTLEMENT CLASS, PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT,
AND PROVIDING FOR NOTICE TO THE
SETTLEMENT CLASS
PAGE - 16

C. <u>Administration</u>. The Claim Form and the claims submission process described in the Agreement are hereby approved. In addition, the Court confirms that it is appropriate for Defendants to provide the information necessary to provide the notice contemplated herein and to administer the settlement, including names, addresses and account information.

<u>Exclusion from the Settlement Class</u>.

A. Persons in the Settlement Class will possess the right to opt out by sending a written request to a designated address within sixty (60) days after the Notice Deadline. All Settlement Class Members who do not opt out in accordance with the terms set forth herein will be bound by all determinations and judgments in the Action.

B. Exclusion requests must be signed and include writing substantially similar to the following statement: "I/we request to be excluded from the class settlement in *Rinky Dink, et al. v. Electronic Merchant Systems, Inc.*, Case No. 2:13-cv-01347-JCC."

C. The Claims Administrator will retain a copy of all requests for exclusion. Not later than March 11, 2016 the Claims Administrator shall file with the Court a declaration that lists all of the opt-outs received.

<u>Objections and Appearances</u>.

A. Any person in the Settlement Class who has not timely submitted a valid request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may appear at the Fairness Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and the incentive awards to the Plaintiffs.

ORDER CERTIFYING PROVISIONAL
SETTLEMENT CLASS, PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT,
AND PROVIDING FOR NOTICE TO THE
SETTLEMENT CLASS
PAGE - 17

<u>Further Papers In Support Of Settlement and Fee Application</u>. The deadline to respond to objections shall be March 28, 2016.

<u>Effect of Failure to Approve the Agreement</u>. In the event the Agreement is not approved by the Court, or for any reason the Parties fail to obtain a Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

    A. All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

    B. The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall be asserted in any litigated certification proceedings in the Action; and the Agreement and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged liability of Defendants for the matters alleged in the Actions or for any other purpose;

    C. Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendants or Plaintiffs on any point of fact or law.

<u>Stay/Bar Of Other Proceedings</u>. All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the settlement. Pending final determination of whether the settlement should be approved, named Plaintiffs, all persons in the Settlement Class and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action, arbitration or proceeding in any court, arbitration forum

ORDER CERTIFYING PROVISIONAL
SETTLEMENT CLASS, PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT,
AND PROVIDING FOR NOTICE TO THE
SETTLEMENT CLASS
PAGE - 18

or tribunal asserting any of the Released Claims. Accordingly, the Clerk is DIRECTED to statistically close this case.

   Timeline.

Further settlement proceedings and due dates for papers are scheduled pursuant to schedule set forth below:

| Action | Date |
|---|---|
| Notice Deadline | January 11, 2016 |
| Deadline for Class Counsel to file Fee Petition and Request for Incentive Awards. (Fee petition must be posted on the Settlement Website within 24 hours of filing with the Court.) | February 11, 2016 |
| Exclusion/Objection Deadline | March 11, 2016 |
| Deadline to Submit Claims | March 11, 2016 |
| Response to any Objections Due | March 28, 2016 |
| Final Approval Brief and Response to Objections Due | April 11, 2016 |
| Fairness Hearing (15 minutes allotted) | April 19, 2016 at 9:00 a.m. |

IT IS SO ORDERED.

//

//

//

//

//

ORDER CERTIFYING PROVISIONAL
SETTLEMENT CLASS, PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT,
AND PROVIDING FOR NOTICE TO THE
SETTLEMENT CLASS
PAGE - 19

1       DATED this 11th day of December 2015.

 

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER CERTIFYING PROVISIONAL
SETTLEMENT CLASS, PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT,
AND PROVIDING FOR NOTICE TO THE
SETTLEMENT CLASS
PAGE - 20