UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RINKY DINK, INC. d/b/a PET STOP and FRANK KNOTT,<br><br>Plaintiffs,<br><br>v.<br><br>ELECTRONIC MERCHANT SYSTEMS, INC.; CALLFIRE, INC.; and JEFFREY GEHRS,<br><br>Defendants. | CASE NO. C13-1347-JCC<br><br>ORDER ENTERING FINAL APPROVAL OF CLASS SETTLEMENT AND CLOSING CASE |

This matter comes before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. No. 147) and Motion for an Award of Fees, Costs, and Approval of Service Awards (Dkt. No. 144). Defendants do not oppose these motions (Dkt. No. 149). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion, certifies the Settlement Class, and approves the Settlement for the reasons explained herein.[1]

I. **BACKGROUND**

Plaintiffs Rinky Dink, Inc. and Frank Knott bring this proposed class action suit against Defendants Electronic Merchant Systems ("EMS") and Jeffrey Gehrs for alleged telemarketing.

---

[1] Capitalized terms shall have the meaning ascribed to them in the Settlement Agreement.

(Dkt. No. 51 at 1.) Plaintiffs sue on their own behalf and as class representatives for others similarly situated. (*Id.*) Rinky Dink, a pet supply store, states that it received a pre-recorded telemarketing call made by or on behalf of Defendants. (*Id.* at 8.) Knott states that on an unspecified date in 2012, he received a similar pre-recorded telemarketing call made by or on behalf of Defendants on his cell phone. (*Id.* at 10.) Both Plaintiffs allege that, by using an automatic dialing and announcing device, Defendants violated the Washington Automatic Dialing and Announcing Device Statute, RCW 80.36.400. Plaintiff Knott alleges that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A), by calling his cell phone. (*Id.* at 12.)

On November 5, 2015, the Parties filed a Settlement Agreement (Dkt. No. 138 at 15–37), which sets for the terms and conditions of the Settlement and release of certain claims against Defendants Electronic Merchant Systems, Inc., Jeffrey Gehrs, and Callfire, Inc. (collectively "Defendants"). The Court preliminarily approved the Settlement on December 11, 2015, and notice was given to members of the Settlement Class pursuant to that Preliminary Approval Order.

The Notice Administrator reached out to members of the Settlement Class electronically and through mailing postcards. (Dkt. No. 147 at 7.) The Notice Administrator also established a website and a toll-free phone number for Settlement Class Members. (Dkt. No. 148 at 3.) None of the Settlement Class Members elected to opt out of the Settlement, and no objections were filed. (*Id.* at 4.) As of April 7, 2016, Claim Forms were submitted by 7,481 Settlement Class Members. (*Id.*) The parties also request, and the Court approves, of accepting 16 additional late-filed claims. (*Id.*) The total Settlement Class therefore consists of 7,497 members.

## II. DISCUSSION

The Settlement approval procedures take place over three stages. First, the parties present a proposed settlement asking the Court to provide "preliminary approval" for both (a) the settlement class and (b) the settlement terms. *See, e.g., Churchill Vill., L.L.C. v. Gen. Elec.,*

361 F.3d 566, 575 (9th Cir. 2004) (discussing the District Court's use of a preliminary approval order). Second, if the court does preliminarily approve the settlement and class, (i) notice is sent to the class describing the terms of the proposed settlement, (ii) class members are given an opportunity to object or opt out, and (iii) the court holds a fairness hearing at which class members may appear and support or object to the settlement. *Id.* Third, taking account of all of the information learned during the aforementioned processes, the court decides whether or not to give final approval to the settlement and class certification. *Id.*

At this stage, the Court reviews the Settlement for final approval based on whether it is "fundamentally fair, adequate, and reasonable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988). In determining whether a settlement is fair, adequate, and free from collusion, courts must consider a number of factors including: (1) a defendant's ability to pay a larger settlement; (2) the strength of the plaintiff's case; (3) the extent of discovery completed and the stage of the proceedings; (4) the risk, expense, complexity, and likely duration of further litigation; (5) the amount offered in settlement; (6) the experience and views of counsel; (7) the reaction of the class members to the proposed settlement; (8) the presence of a governmental participant; (9) whether the attorney fees request is indicative of collusion; and (10) whether distribution favors certain class members at the expense of others. *See In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 946–47 (9th Cir. 2011); *see also Staton v. Boeing Co.*, 327 F.3d 938, 974 (9th Cir. 2003); *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) ("The district court must show that it has explored these factors comprehensively to survive appellate review.").

The Court has reviewed and considered all papers filed in support of and in opposition to the Settlement and all exhibits thereto, and held a Final Approval Hearing on April 19, 2016, at which time the Parties and all interested persons were heard in support of and in opposition to the Settlement.

1. **Defendants' Ability to Pay a Larger Settlement**

The Court is satisfied that, based on Defendants' financial condition, they are unable to pay a larger settlement amount. (*See* Dkt. No. 147 at 9–10.) Plaintiffs have reviewed both EMS and Gehrs's finances in presenting their recommendation. (Dkt. No. 145 at 5–6.) Accordingly, the Court finds that sufficient findings have been made such that this factor weighs in favor of settlement approval. (*See* Dkt. No. 143 at 8–9.)

### 2. Strength of Plaintiffs' Case

Plaintiffs set forth sufficient, specific reasons that settlement is wise in light of the risk of losing on the merits. (Dkt. No. 147 at 10–11.) For example, Plaintiffs direct the Court to *Roberts v. PayPal, Inc.*, 621 F. App'x 478, 478–79 (9th Cir. 2015) in which the Ninth Circuit held that a consumer who provides her cell phone number to a business has consented to calls, including robocalls. (*Id.* at 11.) The Court is satisfied that Settlement Class Members may avoid risks and additional obstacles pursuant to this Settlement, and that this factor weighs in favor of final approval.

### 3. Extent of Discovery/Stage of Proceedings

A key inquiry is whether the parties had enough information to make an informed decision about the strength of their cases and the wisdom of settlement. *See In re Mego*, 213 F.3d at 458. The presence of substantial formal discovery is an indicator that the parties were informed regarding the wisdom of settlement and engaged in arms-length bargaining. *Id.* Here, the parties conducted two mediation sessions, retained an expert, deposed four witnesses, and completed extensive discovery. (*See* Dkt. No. 147 at 12–14.) Moreover, considerable motions work was done in this case. (Dkt. Nos. 20, 58, 69, 84.) This factor weighs in favor of settlement approval.

### 4. The Risk, Expense, Complexity, and Duration of Further Litigation

Additional depositions, expert work, and motion work would have been necessary before trial in this case, and Defendants demonstrated their intent to rigorously defend the claims against them. (Dkt. No. 147 at 15) This factor weighs in favor of settlement approval.

### 5. The Amount Offered in Settlement

All told, each eligible Settlement Class Member is likely to receive approximately $97 pursuant to this Settlement. (Dkt. No. 147 at 9.) Given the award amount's similarity to other TCPA class action settlements, as well as the benefit to Settlement Class Members of avoiding individual litigation, consideration of this factor weighs in favor of settlement approval. *See, e.g., Estrada v. iYogi, Inc.*, No. 2:13–01989 WBS CKD, 2015 WL 5895942, at *7 (E.D. Cal. Oct. 6, 2015) (granting preliminary approval to TCPA settlement where class members estimated to receive $40); *Steinfeld v. Discover Fin. Servs.*, No. C 12-01118, Dkt. No. 96 at ¶ 6 (N.D. Cal. Mar. 10, 2014) (claimants received $46.98 each); *Adams v. AllianceOne Receivables Mgmt., Inc.*, No. 3:08-cv-00248-JAH-WVG, Dkt. No. 137 (S.D. Cal. Sept. 28, 2012) (claimants received $40 each); *Desai v. ADT Sec. Servs., Inc.*, Case No. 1:11-cv-01925 (Dkt. No. 229) (N.D. Ill. Feb. 14, 2013) (estimating claimants would receive between $50 and $100).

### 6. The Experience and Views of Counsel

Plaintiffs' Counsel has substantial experience prosecuting class actions relating to consumer rights, including TCPA actions. (Dkt. No. 138 at 2–10.) Counsel on both sides believe that this is a fair and reasonable settlement in light of the uncertainties of litigation. Accordingly, this factor weighs in favor of settlement approval.

### 7. Reaction of Class Members

The positive reaction of class members further supports the entry of final approval. Out of over 180,000 Settlement Class Members, no objections or opt-outs have been received. This factor weighs strongly in favor of final approval.

### 8. Presence of a Government Participant

While there is no governmental party to this litigation, the settlement notice has been provided to the Attorneys General of all fifty states, the District of Columbia, and each of the five recognized U.S. Territories. *See* 28 U.S.C. § 1715, Dkt. No. 148 at 2. This factor weighs in favor of final settlement approval.

9. **Attorney Fees**

Class Counsel seeks attorney fees in the amount of $312,500. This represents 25 percent of the non-reversionary settlement fund. (Dkt. No. 144 at 15.) This amount is reasonable. Under both Washington and Ninth Circuit law, 25 percent of the common fund recovery is a "benchmark" that should be adjusted, or replaced by a lodestar calculation, only when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors. *Bowles*, 847 P.2d at 450–51 (a reasonable percentage of recovery is "often in the range of 20 to 30 percent," and in common fund cases "the benchmark award is 25 percent of the recovery obtained"); *see also Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) (25 percent is a benchmark); *see also* 3 NEWBERG ON CLASS ACTIONS § 14.03 (20–30 percent is usual common fund award). There are no circumstances here that would warrant departing from the benchmark 25 percent recovery. *Arizona Citrus Growers*, 904 F.2d at 1311; *see also Vizcaino*, 290 F.3d at 1047–50 (discussing factors such as the results achieved, risk of litigation, complexity of issues, hours worked on the case, counsel's hourly rate, and the contingent nature of fees).

Counsel have achieved a favorable result for the settlement class, litigated considerably while avoiding additional, unnecessary litigation, and spent approximately 838 hours of Counsel's time. (Dkt. No. 144.)

Importantly, the lodestar cross-check analysis lends support for this figure. Calculation of the lodestar, which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award. *In re Bluetooth*, 645 F.3d at 944. If the attorneys assigned to this case had been working at an hourly basis, based on their ordinary billable rate, they would have made over $373,091. (Dkt. No. 144 at 22.) In other words, the requested fee of $312,500 is actually a "negative multiplier" of the lodestar. This is especially reasonable in light of what courts ordinarily approve. *See* 4 NEWBERG ON CLASS ACTIONS § 14.7 (courts typically approve percentage awards based on lodestar cross-checks of 1.9 to 5.1 or even higher, and "the

multiplier of 1.9 is comparable to multipliers used by the courts"); *see also In re Prudential Ins. Co. America Sales Practice Litigation Agent Actions*, 148 F.3d 283, 341 (3d Cir. 1998) ("[M]ultiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied.") (quoting Newberg). The Court thus finds that the attorneys' fees requested in this case are reasonable.

The remaining fee requests are likewise reasonable: $34,782 in out-of-pocket expenses, $10,000 in service awards—$5,000 for each named Plaintiff—and $159,000 in notice costs. (Dkt. No. 144 at 16.)

**10. Distribution of Settlement**

The $5,000 Service Award for each Plaintiff in this case does not constitute an unfair distribution of the settlement fund. Accordingly, this factor weighs in favor of entry of final approval.

Upon consideration of all of the above, the Court finds that the Settlement is fair, adequate, and reasonable in light of the factors set forth in *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946–47 (9th Cir. 2011).

THEREFORE, the following is HEREBY ORDERED:

1. For purposes of settlement only, this Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the Settlement Class.

2. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Settlement Class is certified as follows:

> (i) all persons, on or after July 31, 2009 through the date of Preliminary Approval, to whom Defendants or any entity acting on their behalf, placed a non-emergency telephone call to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice, and (ii) all Washington businesses with a Washington state area code to which, on or after July 31, 2009 through the date of Preliminary Approval, Defendants or any entity acting on their behalf, placed a telephone call through use of automatic dialing and announcing device and prerecorded message containing a commercial solicitation.

> Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who validly request exclusion from the Settlement Class.

3. For purposes of settlement only, Plaintiffs are hereby appointed Class Representatives.

4. For purposes of settlement only, the attorneys at Terrell Marshall Law Group PLLC and Williamson and Williams are hereby appointed as Class Counsel.

5. For purposes of settlement only, the prerequisites for class certification under Rule 23(a) and (b)(3) have been satisfied as follows:

    a. The number of members in the Settlement Class is so numerous that joinder of all members is impracticable;

    b. There are common questions of law and fact to the Settlement Class;

    c. The claims of the Class Representative are typical of the claims of the Settlement Class;

    d. The Class Representative and Class Counsel will fairly and adequately represent and protect the interests of the Settlement Class;

    e. The questions of law and fact common to the members of the Settlement Class will predominate over individual questions of law and fact; and

    f. A class action is superior to other methods of adjudication.

6. In the event that the Settlement terminates for any reason, the certification of the Settlement Class shall be automatically vacated, null and void, and this Action shall revert to its status immediately prior to the execution of the Settlement Agreement.

7. This Court finds that the notice given to members of the Settlement Class pursuant to the terms of the Settlement Agreement fully and accurately informed such members

of all material elements of this Settlement and constituted valid, sufficient, and due notice to all such members. That notice fully complied with due process, Rule 23 of the Federal Rules of Civil Procedure, and with all other applicable law.

8. No members of the Settlement Class objected or submitted requests for exclusion.

9. The Court finally approves this Settlement, and finds that it is fair, reasonable, and adequate.

10. The Parties, their counsel, and the Claims Administrator shall fulfill their obligations and duties under the Settlement Agreement.

11. The Court dismisses with prejudice this Action, the Released Claims, and the Released Parties, and adjudges that the Released Claims are released against the Released Parties.

12. The Court adjudges that Plaintiffs and the Settlement Class Members are deemed to have fully, finally, completely, and forever released, relinquished, and discharged the Released Claims against the Released Parties.

13. Plaintiffs and the Settlement Class Members are permanently enjoined and barred from asserting, initiating, prosecuting, or continuing any of the Released Claims against the Released Parties.

14. The Court approves payment of attorneys' fees and expenses, which includes costs, of Class Counsel in the amount of $347,282.14. The Court finds this amount to be appropriate and reasonable in light of the work performed by Class Counsel and the benefits obtained by the Settlement Class Members. In addition, the Court finds that the Settlement Agreement was negotiated at arms' length and without collusion.

15. The Court approves payment of a service award to Plaintiffs in the amount of $10,000, or $5,000 for each named Plaintiff. The service award compensates Plaintiffs for the services they performed on behalf of the Settlement Class and the risk they undertook bringing this action.

16. The Court finds that this Order and the Settlement are not admissions or concessions by Defendants of any liability or wrongdoing. This Order is not a determination of liability or wrongdoing. This Order also does not constitute any opinion or position of this Court as to the merits of the claims and defenses related to this Action.

17. If the Effective Date does not occur, the parties shall be returned to the status quo ex ante, for all litigation purposes, as if no Settlement had been negotiated or entered into and thus this Order and all other findings or stipulations regarding the Settlement, including but not limited to, certification of the Settlement Class shall be automatically void, vacated, and treated as if never filed.

18. This Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement, including the implementation and enforcement of this Settlement.

19. Any timely submitted valid objections to the Settlement are overruled and denied. The Court has reviewed any such objections and responses, and finds that no justifiable reason exists for delaying entry of this Order and final judgment.

THEREFORE, the Clerk of the Court is HEREBY ORDERED to enter this Final Order of Judgment and Dismissal with Prejudice.

DATED this 17 day of April 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE